**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 21, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60605
Summary Calendar

BLANCA LIDIA AQUINO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74-708-338
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Blanca Lidia Aquino, a native and citizen of Guatemala, petitions this court for review of the Board of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial of her applications for political asylum and withholding of deportation. Aquino argues that the evidence was sufficient to support a finding of past persecution and a well-founded fear of persecution based on her "imputed" political opinion. She further asserts that the BIA's "boilerplate decision" was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improper, that customary principals of international law apply to her case, and that the BIA abused its discretion in failing to consider proposed regulations that allegedly authorize asylum relief to victims of domestic violence.

When, as in this case, the BIA adopts without opinion the IJ's decision, this court reviews the IJ's decision. Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997). Here, the IJ's determination that Aquino had not shown past persecution or a well-founded fear of future persecution if returned to Guatemala was supported by substantial evidence. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002); Gomez-Mejia v. I.N.S., 56 F.3d 700, 702 (5th Cir. 1995).

Aquino's argument that the BIA's summary affirmance was improper lacks merit. See Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003). Similarly, Aquino's claim that she should be granted a temporary safe haven in this country fails since international law does not apply where, as here, there is controlling legislation. See Gisbert v. United States Attorney Gen., 988 F.2d 1437, 1447 (5th Cir. 1993). This court lacks jurisdiction to consider Aquino's asylum/domestic violence argument since she failed to present it to the BIA and, thus, failed to exhaust her administrative remedies with respect to that claim. See Rodriguez v. INS, 9 F.3d 408, 414 (5th Cir. 1993).

For the foregoing reasons, Aquino's petition for review is DENIED.