IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60715
Summary Calendar
_____

MEENA SORBNAM,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A73 568 360)
--------------------
August 23, 1999

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges:

PER CURIAM:[*]

Petitioner Meena Sorbnam, a citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an Immigration Judge's denial of her application for asylum. Sorbnam contends that she is entitled to asylum because (1) she was persecuted for her political opinions while living in Bangladesh, and (2) she has a well-founded fear that she will be persecuted if she returns there. In particular, Sorbnam asserts that the BIA did not give meaningful consideration

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to all the evidence showing that her fear of future persecution is well-founded.

The Attorney General has the discretion to grant asylum to a "refugee," or a person who is outside of his or her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A); Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). We will uphold a factual finding by the BIA that an alien is not eligible for asylum if it is supported by substantial evidence. Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995).

Although Sorbnam received numerous telephone threats while living in Bangladesh, the record does not establish that the threats were related to her political opinions. Further, even though Sorbnam was arrested and detained for a few hours by police after she participated in a political rally, she suffered no physical abuse; rather, the police merely threatened to harm her the next time she participated in such a rally. Accordingly, there is substantial evidence supporting the BIA's determination that Sorbnam did not suffer persecution in Bangladesh because of her political opinions. See Abdel-Masieh v. INS, 73 F.3d 579, 583-84 (5th Cir. 1996).

We generally review the BIA's decision procedurally as well as substantively to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to

2

his claims.  Id. at 585.  In the present case, the findings and conclusions of the Immigration Judge were not adopted by the BIA, and its own findings are quite limited.  Thus, in considering Sorbnam's claim to a well-founded fear of persecution, the BIA specifically addressed only Sorbnam's testimonial evidence; it has provided no indication that it considered the substantial documentary evidence regarding conditions in Bangladesh.  The BIA's decision therefore fails to reflect meaningful consideration of all the relevant and substantial evidence supporting Sorbnam's fear of future persecution claim.  See id. at 584-85. Consequently, we grant Sorbnam's petition for review, vacate the order of the BIA, and remand her case for further proceedings consistent with this opinion.  In so doing, however, we do not imply the result that the BIA should reach on remand, one way or the other.

PETITION GRANTED; ORDER VACATED; CASE REMANDED.