IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60559
Summary Calendar

_____

KMN SARWAR IQBAL

     Petitioner

   v.

JOHN ASHCROFT, U S ATTORNEY GENERAL

     Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73-178-328
_____

March 10, 2003

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Kmn Sarwar Iqbal petitions this court for review of the
Board of Immigration Appeals' (BIA) order denying him political
asylum and the withholding of deportation.  Iqbal argues that the
Immigration Judge (IJ) "completely ignored" the most significant
reason for his request for asylum -- "the fear of death for what
I was repeatedly threatened by Mr. Nikhil Ranjan Das, my main

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

enemy." He also argues that the IJ erred in finding that he did not suffer from past persecution.

The BIA's factual finding that an alien is not eligible for asylum will be upheld if it is supported by substantial evidence. Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995). The substantial evidence standard requires only that the BIA's conclusion be based on the evidence presented and that the decision is substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). The petitioner has the burden to "'show that the evidence he presented [is] so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).

With respect to Iqbal's claim of past persecution, the IJ determined that, although there was evidence that Iqbal was mistreated during his fifteen days in custody, the mistreatment did not rise to the level of past persecution as contemplated by the BIA in other decisions. A review of several cases involving past persecution reveals no error in the IJ's determination that the mistreatment did not rise to the level of persecution. See Mikhael v. INS, 115 F.3d 299, 304 & n.4 (5th Cir. 1997) (noting the lack of "claims of past persecution [that] have been sustained based on personal suffering alone or based on a combination of personal and family suffering"). As for Iqbal's

claim that he should be granted asylum based on a fear of future persecution, the IJ expressly addressed the threat of future persecution posed by Das. Compare Abdel-Masieh v. INS, 73 F.3d 579, 587 (5th Cir. 1996) (holding that the BIA erred in concluding that a finding that the petitioner suffered no past persecution was sufficient to demonstrate that he also lacked any well-founded fear of future persecution). Iqbal has failed to meet his burden of proving that his subjective fear of Das is such that a reasonable factfinder would be compelled to find that he has a well-founded fear of future persecution. Mikhael, 115 F.3d at 304.

Iqbal also argues that, had the immigration hearing "taken place today," his argument for asylum would be stronger because the Das' party, the Bangladesh National Party, is again in control of the government. To the extent that this information would bear on the decision to grant asylum or a withholding of deportation, Iqbal's remedy is to present these arguments to the BIA through a motion to reopen the case. See Faddoul v. INS, 37 F.3d 185, 190 (5th Cir. 1994).

Iqbal's petition for review of the BIA's order is DENIED.