United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60604
Summary Calendar
_____

EMMANUEL FASSI,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70-675-029
---------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Emmanuel Fassi, a native of Cameroon, petitions this court

for review of the Board of Immigration Appeals' affirmance of the

Immigration Judge's denial of his applications for political

asylum and withholding of removal.  Fassi argues that the Board's

summary affirmance of the Immigration Judge's decision violated

his due process rights.  He also argues that the Immigration

Judge did not consider the severity of the discrimination Fassi

experienced in his employment in Cameroon, Fassi's arrest and

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

beating by Cameroon police officers in 1989, and threats Fassi received in 1994 in the United States for his participation in a United States organization known as Cap Liberte, which protests human rights violations committed in Cameroon.  He contends that he was entitled to asylum and that the decision to deny such was an abuse of discretion.

Fassi's argument that the single Board member's summary affirmance of the Immigration Judge's decision was a due process violation is without merit.  See Soadjede v. Ascroft, __ F.3d __, 2003 WL 1093979 (5th Cir. March 28, 2003).  We may review the Immigration Judge's decision in this case.  Id.; Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).

The Immigration Judge's determination that Fassi had not shown past persecution or a well-founded fear of future persecution if returned to Cameroon was supported by substantial evidence.  Fassi has not shown an abuse of discretion with that determination.  See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348-50 (5th Cir. 2002); Gomez-Mejia v. I.N.S., 56 F.3d 700, 702 (5th Cir. 1995); see also Abdel-Masieh v. I.N.S., 73 F.3d 579, 583 (5th cir. 1996).  Nor has he shown error with the denial of his application for withholding of removal.  Mikhael, 115 F.3d at 306.

Fassi's petition for review is DENIED.