**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 8, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60969
Summary Calendar

LIBAY FANTA WOLDEYES,

> Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

> Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78-342-915
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Libay Fanta Woldeyes (Woldeyes) seeks review of the Board of
Immigration Appeals's (BIA) summary affirmance of an Immigration
Judge's (IJ) denial of Woldeyes's applications for asylum,
withholding of deportation, and protection under the United Nations
Convention Against Torture (CAT). Woldeyes also contends that the
BIA violated his right to due process by summarily affirming the
IJ's decision pursuant to 8 C.F.R. § 3.1(a)(7) (2001). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review factual findings of the BIA to determine if they are supported by substantial evidence.[1]  We may reverse the BIA's decision only when "the evidence is 'so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'"[2]  When the BIA affirms the IJ's decision, as the BIA did here, we review the IJ's decision.[3]

Woldeyes alleged that, in retaliation for his medical papers that criticize Ethiopia's approach to the AIDS epidemic, he was subjected to psychological torture for 48 hours in a dark room with poor sanitary conditions and provided with only bread and water. He alleges he was questioned in a similar fashion on three other occasions.  There is no evidence of physical abuse.  Finally, he alleges that two other doctors were taken for questioning and have not been seen again.

Based on these facts, we cannot say that "no reasonable factfinder could fail to find" past persecution or a well-founded fear of future persecution.[4]  Brief detentions similar to Woldeyes' have been found not to establish persecution.[5]  Woldeyes provided

---

[1] *See Mikhael v. I.N.S.*, 115 F.3d 299, 301-04 (5th Cir. 1997).

[2] *Id*. (quoting *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

[3] *Gomez-Mejia v. I.N.S.*, 56 F.3d 700, 702 (1995).

[4] *Mikhael*, 115 F.3d at 302.

[5] *See Fesseha v. Ashcroft*, 333 F.3d 13, 19 (1st Cir. 2003) (concluding that three incidents of detention, not imprisonment,

no evidence corroborating his testimony, which was contradictory at times, that others similar to him were persecuted. There is no evidence of systematic persecution by the government of medical professionals. Accordingly, Woldeyes's petition for review of the denial of asylum and protection under the CAT is denied because the IJ's findings are supported by substantial evidence.[6]

Woldeyes contends that the IJ's order should be reversed because the BIA gave no reasons for denying Woldeyes's request for withholding of deportation. Eligibility for withholding of deportation requires proof of a higher objective likelihood that one would be persecuted than is required to establish one's eligibility for asylum. Consequently, the alien's inability to establish that he is entitled to asylum necessarily results in his inability to demonstrate that he is entitled to withholding of deportation.[7] In light of the IJ's findings regarding asylum, therefore, there was no need for the IJ to state reasons for the denial of Woldeyes's request for withholding of deportation.

Finally, Woldeyes contends that the BIA's summary affirmance of the IJ's decision by a single Board member pursuant to 8 C.F.R. § 3.1(a)(7) (2001) violated his due process rights under the Fifth Amendment to the United States Constitution. This contention lacks

---

by Ethiopian government without injury did not constitute persecution).

   [6] *See Mikhael*, 115 F.3d at 301-04.

   [7] *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

merit. The BIA decided Woldeyes's appeal under 8 C.F.R. § 1003.1(e)(5) (2003), which authorizes a single Board member to issue a brief order affirming, modifying, or remanding the IJ's decision. Insofar as the BIA's opinion relies on the reasons set forth in the IJ's decision, this Court reviews the IJ's decision.[8] Woldeyes was provided due process.

AFFIRMED.

---

[8] *See Mikhael*, 115 F.3d at 302-04.