United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-61003
Summary Calendar

———————————

BENEDICT IYERIFAMA SIMINALAYI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

———————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76-896-918

———————————

Before GARWOOD, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Benedict Iyerifama Siminalayi, a citizen of Nigeria, petitions
for review of an order from the Board of Immigration Appeals
("BIA") affirming the immigration judge's ("IJ") decision to deny
his applications for asylum, withholding of removal under the
Immigration and Nationality Act ("INA"), and withholding of removal
under the Convention Against Torture ("CAT"). Siminalayi argues

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the IJ made an improper adverse credibility determination, the IJ erroneously concluded that his abuse by the Nigerian police was not on account of political opinion, and Siminalayi had shown that it was more likely than not that he would be tortured if returned to Nigeria.

This court gives great deference to an IJ's decision concerning an alien's credibility. *See Efe v. Ashcroft*, 293 F.3d 899, 905 (5th Cir. 2002). Siminalayi fails to provide any support for his challenge to the IJ's credibility determination. *See Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994). Moreover, the IJ's finding that Siminalayi was not subjected to persecution, and did not have a well-founded fear of persecution, on account of his political opinion (the only basis claimed by Siminalayi) is supported by the record. The IJ's findings that Siminalayi did not qualify for asylum and withholding of removal under the INA are supported by substantial evidence. *See Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995). Moreover, Siminalayi's conclusional allegations regarding the likelihood that he would be tortured if returned to Nigeria are insufficient to show that a "reasonable adjudicator would be compelled to conclude" that the IJ's denial of his CAT application was incorrect. 8 U.S.C. § 1252(b)(4)(B); *see also Efe*, 293 F.3d at 907-08.

Accordingly, the petition for review is

DENIED.

2