United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60762
Summary Calendar

———————————————

FITSUMBERHAN MEKONEN OGBAZGHI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78-881-272
---------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fitsumberhan Mekonen Ogbazghi (Ogbazghi) was born in Asmara, Eritrea when Asmara was considered to still be a part of Ethiopia. Ogbazghi petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and his alternative request for voluntary departure. Ogbazghi argues that the Immigration Judge (IJ) did not consider all of his reasons for leaving Eritrea, but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rather focused only on his reason to evade military service. Ogbazghi argues that he established that he suffered past persecution and has a well-founded fear of future persecution on account of his political opinion.

This court will uphold the BIA's factual finding that an alien is not eligible for asylum if that finding is supported by substantial evidence. Gomez-Mejia v. I.N.S., 56 F.3d 700, 702 (5th Cir. 1995). This court generally reviews only the BIA's decision except to the extent that the BIA adopted the IJ's decision. Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).

Contrary to Ogbazghi's assertion, the record reflects that the IJ considered all of Ogbazghi's reasons for leaving Eritrea and for fearing persecution if he returned. Furthermore, the IJ's decision denying relief is supported by substantial evidence and the evidence in the record does not compel a contrary conclusion. See Mikhael, 115 F.3d at 302.

Ogbazghi does not specifically challenge the IJ's finding that he is not entitled to relief under the CAT and is ineligible for voluntary departure. Ogbazghi makes a conclusory assertion that he is entitled to such relief without stating the showing required or the evidence which he contends shows his entitlement. Therefore, any issues relating to the denial of relief under the CAT and voluntary departure are deemed waived. See Calderon-Ontiveros v. I.N.S., 809 F.2d 1050, 1052 (5th Cir. 1986).

Accordingly, Ogbazghi's petition for review is DENIED. Additionally, his motion for stay of removal is DENIED as unnecessary.