**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 8, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60191
Summary Calendar

ANDREW WEST,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A78 239 125)
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Petitioner Andrew West-Ebi petitions for review of the Board
of Immigration Appeals' (BIA) opinion that affirmed the decision of
the immigration judge denying him (1) asylum, (2) withholding of
removal, and (3) relief under the Convention Against Torture.  As
West does not specifically challenge the immigration judge's (IJ)
denial of his application for withholding of removal or his request
from relief under the Convention Against Torture, the issues are

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deemed abandoned.  See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

As for asylum, West contends that the IJ erred in finding West's testimony not credible and erred in requiring that he provide documentary evidence in support of his application.  We shall uphold the IJ's determination that West is not eligible for asylum if it is supported by substantial evidence. Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995).  We shall not substitute our judgment for that of the BIA or the IJ with respect to findings of credibility of witnesses or findings of fact based on credibility determinations.  Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  A credibility determination may be overturned only if doing so is compelled by the record.  Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002).

West has not demonstrated that the record compels a conclusion contrary to that of the IJ.  Therefore, he has not provided a basis for us to replace the IJ's determinations of credibility or ultimate factual findings based on credibility determinations with our own.  As West's credibility was impugned during the deportation proceedings, the IJ did not err in requiring West to provide corroborating evidence. Matter of S-M-J, 21 I. & N. Dec. 722, 725-26 (BIA 1997); 8 C.F.R. § 208.13(a).

Our review of the record demonstrates that the IJ's determination that West failed to demonstrate his entitlement to asylum is supported by substantial evidence.  See 8 C.F.R. §

2

208.13(a).  We therefore deny his petition for review.  The Respondent's motion for summary affirmance or, in the alternative, to hold briefing in abeyance is denied.

PETITION DENIED; MOTION FOR SUMMARY AFFIRMANCE DENIED.