United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60506
Summary Calendar

SHALOM KINFE ANDEMSKEL,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 874 271
--------------------

Before GARWOOD, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Shalom Kinfe Andemskel (Andemskel), a citizen of Eritrea, petitions this court to review the judgment of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying her application for asylum. The IJ determined that despite some mostly ambiguous evidence of past persecution, Andemskel failed to establish a well-founded fear of future persecution. In reaching his decision, the IJ relied on evidence that Andemskel remained in Eritrea without meaningful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incident for almost two years after the last claimed persecution and that her father and three sisters remain in Eritrea without harm and also evidence of dramatically changed country conditions contained in the record.

Andemskel argues that the presumption of a well-founded fear of future persecution was not rebutted and that the IJ did not analyze the facts correctly in determining the presumption was rebutted. We disagree. We conclude that the decision is supported by substantial evidence, and the evidence in the record does not compel a contrary conclusion. Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997); Gomez-Mejia v. I.N.S., 56 F.3d 700, 702 (5th Cir. 1995).

With regard to the claims requesting withholding of removal and protection under the Convention Against Torture (CAT) raised in her petition before the IJ, Andemskel correctly recognizes that the standards for proving entitlement for withholding of removal and for withholding under the CAT are higher than that for asylum. Because Andemskel has failed to satisfy the lower standard for asylum based on the evidence in this case, she concedes that it necessarily follows that she has failed to satisfy the higher standards for her other two claims.

Andemskel's petition for review is DENIED.