United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60784
Summary Calendar
_____

SHERIF BUSHRA RIZGALLA SEADAROES,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 301 867
---------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sherif Bushra Rizgalla Seadaroes, a native and citizen of

Egypt, has petitioned for review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of the

Immigration Judge (IJ) denying his applications for asylum and

withholding of removal and for relief under the Convention

Against Torture (CAT). The IJ determined that Seadaroes lacked

credibility. He also found that Seadaroes could not satisfy his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

burden for asylum because he failed to show past persecution or a well-founded fear of future persecution because of his religion.

Seadaroes argues that the decision of the IJ is not supported by substantial evidence, that his testimony is credible, and that the BIA's summary affirmance procedures deny him due process. Generally, we review the decision of the BIA and will consider the underlying decision of the IJ only if it influenced the BIA's determination. Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997). When, as in this case, the BIA adopts the IJ's decision without a written opinion, we review the IJ's decision. Id.

We conclude that the decision is supported by substantial evidence, and the evidence in the record does not compel a contrary conclusion. Id.; Gomez-Mejia v. I.N.S., 56 F.3d 700, 702 (5th Cir. 1995). Seadaroes's testimony does not establish that he was imprisoned or attacked based on his religious beliefs. His family remains in Egypt, as do six million other Christians. Also, Seadaroes testified that he resided briefly in Alexandria and did not experience any attacks. Because he could relocate to Alexandria without experiencing any problems, Seadaroes does not have a well-founded fear of persecution. 8 C.F.R. § 208.13(b)(2)(ii); Eduard v. Ashcroft, 379 F.3d 182, 193-94 (5th Cir. 2004).

The IJ articulated cogent reasons, supported by substantial evidence, for rejecting Seadaroes's testimony as incredible. See

Chun v. I.N.S., 40 F.3d 76, 79 (5th Cir. 1994). Seadaroes testified that he maintained contact with his family during his time in the United States. It is reasonable to conclude that Seadaroes's family would have informed him of his in abstentia conviction when they learned of it in 1998 rather than waiting until 2001. Additionally, Seadaroes did not obtain any documents or letters to corroborate his claims. Seadaroes testified that his attorney was unable to obtain a copy of his conviction. The IJ determined that some sort of documentary evidence could have been obtained, including letters from family members. The IJ's finding Seadaroes was not credible is reasonable.

With regard to Seadaroes's argument challenging the summary affirmance procedures of the BIA, this court has held that the BIA's summary affirmance procedures "do not deprive this court of a basis for judicial review and . . . do not violate due process." Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003). Because Seadaroes does not specifically challenge the denial of his application for withholding of removal or protection under the CAT, these issues are deemed abandoned. Calderon-Ontiveros v. I.N.S., 809 F.2d 1050, 1052 (5th Cir. 1986).

Accordingly, his petition for review is DENIED.