United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60285
Summary Calendar

SOLOMON RAMLIANTHANGUA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 318 169
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:*

Solomon Ramlianthangua, a native and citizen of Burma, has petitioned for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ found that, although Ramlianthangua had been subjected to discrimination and harassment, the incidents he described did not rise to the level of past persecution based on his race, religion, or social group. Generally, we review the decision of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA and will consider the underlying decision of the IJ only if it influenced the BIA's determination. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). When, as in this case, the BIA in essence adopted the IJ's decision, we review the IJ's decision. Id.; see also Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995).

Ramlianthangua's past experiences of forced labor on a railroad project, beatings for missing school on Sundays, and being placed in jail due to his family's failure to pay a tax amounted to discrimination that was no more egregious than other types of mistreatment that this court has held not to be persecution. See, e.g., Fleurinor v. INS, 585 F.2d 129, 132 (5th Cir. 1978). "Neither discrimination nor harassment ordinarily amounts to persecution . . . even if the conduct amounts to 'morally reprehensible' discrimination on the basis of race or religion." Eduard v. Ashcroft, 379 F.3d 182, 188 (5th Cir. 2004). The IJ's finding that Ramlianthangua had not suffered past persecution was supported by substantial evidence.

Ramlianthangua also avers that the evidence compels a finding that he has a well-founded fear of future persecution because he established a pattern and practice of persecution of similarly situated groups in Burma based on their Christianity, Chin ethnicity, and their membership in the Chin National Front (CNF). "To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and

that fear must be objectively reasonable." Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation marks and citation omitted).

Assuming that Ramlianthangua had a subjective fear of persecution, as his application and testimony indicate, he cannot show that his fear was objectively reasonable. An alien may prove the objectivity of his persecution claim by showing that he would be singled out for persecution or, alternately, that there is a "pattern or practice" of persecution of a group of persons in which he is a member on account of an enumerated ground. Id. at 307-08; 8 C.F.R. § 208.13(b)(2)(iii)(A) (2005).

According to Ramlianthangua, the Burmese government likely is aware that he is Christian and Chin. The record does not show that knowledge so disturbed the government that he suffered past persecution. The only characteristic established on the record that distinguishes Ramlianthangua from other Chin is his membership in the CNF. Although Ramlianthangua testified that the Burmese government was aware that he was a member of the CNF, he did not present corroborating evidence of his membership in the CNF or his participation in any other political activities, or any evidence that he was persecuted on those grounds. See Zhao, 404 F.3d at 309. He did not present any evidence that after he fled from Burma, the police or military officers looked for him. He also failed to show that the police or military officers questioned or threatened his family or friends in an

attempt to find him.  He has not shown that the arrest of his mother was specifically related to or in retaliation for his fleeing from Burma, given that his mother's arrest occurred approximately three years after he left Burma.  Substantial evidence supports the IJ's decision, and Ramlianthangua's asylum claim fails.

Because Ramlianthangua has not met the requirements necessary to obtain asylum, he cannot meet the more onerous standards required to obtain withholding of removal or relief under the CAT.  See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002); Girma v. INS, 283 F.3d 664, 667 (5th Cir. 2002). Therefore, Ramlianthangua's claims for withholding of removal and relief under the CAT also fail.

Ramlianthangua's petition for review is DENIED.