United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-61056
Summary Calendar

MIGUEL ALBERT MONTILLA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 728 636
----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

   Miguel Albert Montilla has filed a petition for review of the decision of the Board of Immigration

Appeals denying him asylum or withholding of removal. For purposes of the instant petition, the

immigration judge's decision is the final agency determination for judicial review. *See*

*Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). We will uphold the factual finding

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that an alien is not eligible for asylum or withholding of removal if that finding is supported by substantial evidence. *Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995).

Montilla argues that the immigration judge failed to explain why asylum was not warranted in his case. Alternatively, he argues that the immigration judge failed to support her adverse decision regarding persecution. This argument fails, however, because the immigration judge's decision reflects meaningful consideration of the relevant substantial evidence supporting Montilla's claims. *See Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996) (addressing requirement that an alien receive "full and fair consideration" of his claims).

Montilla also argues that the three or four telephone calls he received were sufficient to establish persecution because they "were in fact direct and unequivocal threats that [he] would be killed." Although threats of violence may be sufficient to support a finding of persecution, see *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 346-49 & n.8 (5th Cir. 2006), Montilla's assertion that he produced direct evidence of specific death threats by the police is not supported by the record. Finally, because the immigration judge found no persecution, she did not err in failing to evaluate whether there was a nexus between the alleged persecution and one of the five statutory grounds for asylum. *Cf. Tamara-Gomez*, 447 F.3d at 349 (addressing nexus after finding persecution).

Montilla does not challenge the BIA's conclusion that he was not eligible for the withholding of removal. Accordingly, he has waived any such argument. *See Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

PETITION DENIED.