United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60853
Summary Calendar

_____

ZA CIN TUNG UKHAI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 256 026
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Za Cin Tung Ukhai (Ukhai), a citizen and native of Myanmar,

petitions this court to review the decision of the Board of

Immigration Appeals (BIA) affirming the denial of his

applications for asylum, withholding of removal, and relief under

the Convention Against Torture (CAT).  Ukhai argues that his

credible testimony established that he has suffered past

persecution due to a death threat by a Myanmar Army captain for

reporting the abuse of Chin forced laborers.  He also argues that

he has a well-founded fear of future persecution because he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonably fears future encounters with the military captain or others in authority who would harm him for reporting the abuse. He contends that his past persecution and well-founded fear of future persecution are based on a statutorily protected ground because the abuse of Chin forced laborers is common in Myanmar and individuals face serious consequences for reporting such abuse.

Although Ukhai's testimony was found credible, the BIA's determination that he has not suffered past persecution or has a well-founded fear of future persecution based on a statutorily protected ground is supported by substantial evidence. See Eduard v. Ashcroft, 379 F.3d 182, 187 n.4, 194 (5th Cir. 2004); Gomez-Mejia v. I.N.S., 56 F.3d 700, 702 (5th Cir. 1995). Because the BIA did not err in finding that Ukhai failed to make the requisite showing for asylum, the BIA did not err in finding that he could not meet the more stringent standard for proving eligibility for withholding of removal. See Faddoul v. I.N.S., 37 F.3d 185, 188 (5th Cir. 1994).

Ukhai also challenges the BIA's decision denying him relief under the CAT. The BIA found that Ukhai failed to show that Myanmar public officials would acquiesce in his torture. This finding is also supported by substantial evidence. As the BIA noted, evidence in the record demonstrated that the Myanmar government took action to protect Ukhai from the military captain, who was not "acting under governmental authority." See

Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 354 (5th Cir. 2002);

8 C.F.R. § 208.18(a)(1).

Accordingly, the petition for review is DENIED.