IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 06-60769
Summary Calendar

BUJAR SHEHU

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 116 470

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On February 8, 2008, the petition for panel rehearing was GRANTED. The prior opinion is WITHDRAWN, see Shehu v. Mukasey, 261 F. App'x 644, 2007 WL 4511863 (5th Cir. Dec. 21, 2007), and this opinion is SUBSTITUTED therefor.

Bujar Shehu, a native and citizen of Albania, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the denial of his applications for asylum, withholding of removal, and relief under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Convention Against Torture (CAT).  Shehu is a member of the democratic party in Albania.  Shehu argues that the evidence established that he suffered past persecution because he was stabbed at a socialist festival by socialist youths.  He also contends that he has a well-founded fear of future persecution because he fears he will be killed upon his return to Albania due to threats received by his family.

Generally, we review the decision of the BIA and will consider the underlying decision of the IJ only if it influenced the BIA's determination. Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).  When, as in this case, the BIA affirms the Immigration Judge's (IJ) decision without a written opinion, we review the IJ's decision.  Id.

We conclude that the decision is supported by substantial evidence, and the evidence in the record does not compel a contrary conclusion.  Gomez-Mejia v. I.N.S., 56 F.3d 700, 702 (5th Cir. 1995).  Shehu's testimony does not establish that he was attacked by government officials because of his political beliefs but rather that he was involved in a drunken altercation.  Shehu's family continues to reside in Albania.  Additionally, the democratic party won a majority of seats in the recent governmental election.

Because Shehu failed to make the requisite showing for asylum, he cannot meet the more stringent standard for proving eligibility for withholding of removal.  See Faddoul v. I.N.S., 37 F.3d 185, 188 (5th Cir. 1994).  Likewise, Shehu cannot show that more likely than not he would be subjected to torture upon his return to Albania, and therefore cannot show eligibility for relief under the CAT.  See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 354 (5th Cir. 2002).

Accordingly, the petition for review is DENIED.