IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-60012
Summary Calendar

ROBERT BEJKO; GLIQERI BEJKO; MARSEL BEJKO; ANISA BEJKO

Petitioners

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A98 878 850, A98 878 851, A98 878 852, A98 878 853

---

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Bejko, Gliqeri Bejko, Marsel Bejko, and Anisa Bejko, all natives and citizens of Albania, petition this court to review the decision of the Board of Immigration Appeals (BIA) affirming the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The Bejko family argues that the evidence established that they suffered past persecution because they received numerous threats after two Albanians were arrested and deported as a result of a physical altercation that occurred at their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restaurant in Greece.  They also contend that they have a well-founded fear of future persecution because of these threats.

We conclude that the decision is supported by substantial evidence, and the evidence in the record does not compel a contrary conclusion.  See Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995).  Robert Bejko's testimony does not establish that any family member was attacked in any way by government officials or that any physical harm was suffered.  The incidents described by the Bejko family appear to be a personal dispute and do not rise to the level of persecution.  See Eduard v. Ashcroft, 379 F.3d 182, 187-88 (5th Cir. 2004); Adebisi v. INS, 952 F.2d 910, 911 (5th Cir. 1992).

Because the requisite showing for asylum has not been made, the more stringent standard for proving eligibility for withholding of removal also has not been met.  See Faddoul v. I.N.S., 37 F.3d 185, 188 (5th Cir. 1994).  Likewise, the Bejko family has failed to show that it is more likely than not that any of them upon returning to Albania would be subjected to torture by a public official or other person acting in an official capacity.  Therefore, eligibility for relief under the CAT has not been shown.  See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 354 (5th Cir. 2002).

The petition for review is DENIED.