IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-60551

ABDUL AZIZ

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 040 950

Before JONES, Chief Judge, JOLLY, Circuit Judge, and MONTALVO, District Judge.[*]

PER CURIAM:[**]

Abdul Aziz seeks review of an order by the Board of Immigration Appeals (BIA) adopting and affirming an Immigration Judge's (IJ's) order to deny Aziz's applications for asylum and for withholding of removal. We DISMISS IN PART and DENY IN PART.

---

[*] United States District Judge, Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Aziz is a native and citizen of Pakistan. He was admitted to the United States as a nonimmigrant visitor on February 12, 2001, with permission to remain in the country until January 11, 2002. He remained in the United States beyond that date without authorization. In October 2004, immigration officials initiated removal proceedings by charging Aziz, under 8 U.S.C. § 1227(a)(1)(B), with removability as a nonimmigrant alien who remained in the United States longer than authorized. Aziz conceded removability in October 2005, and he applied for asylum and withholding of removal.

Aziz contends that, as a member of Pakistan's Shi'a Ismaili Muslim minority, he probably would suffer religious persecution at the hands of Sunni Muslim extremists if he were removed to Pakistan. He testified before the IJ that: Sunni extremists had threatened to bomb Shi'a places of worship, had bombed Shi'a places of worship, and had opened fire on Shi'a gatherings; Sunni violence against Shi'as was escalating; Aziz had been "lucky" to escape harm from Sunni extremists so far; "anything" could happen to him if he were to return to Pakistan; and he would not be safe from religious persecution anywhere in Pakistan. Aziz also testified, however, that his mother-in-law, father-in-law, and two sisters-in-law lived in Pakistan; all were Shi'a Ismaili; and none had suffered harm because of their religion. The IJ found Aziz generally to be a credible witness.

In addition to Aziz's testimony, the IJ considered U.S. Department of State reports describing the conditions in Pakistan. During the time periods that the reports covered, Shi'a Muslims accounted for approximately ten percent of Pakistan's population of 150 million people. Approximately 550,000 to 600,000 Shi'as were Shi'a Ismaili. Sunni Muslims committed numerous acts of violence against Shi'as in Pakistan. As the Department of State summarized in its 2004 International Religious Freedom Report for Pakistan,

> Relations between different religious groups frequently were tense, acts of sectarian and religious violence continued, and over 100 deaths were attributed to sectarian violence during the period covered by this report. The worst religious violence was directed against the country's Shi'a minority which continued to be disproportionately the victims of individual and mass killings.

In the light of Aziz's testimony and of the U.S. Department of State reports, the IJ found that "there is a general risk of harm that is connected with religious tensions in Pakistan." Nevertheless, "considering all of the circumstances in this case, [Aziz] has failed to establish a clear probability of persecution if he returns to Pakistan." The IJ therefore denied Aziz's application for withholding of removal.

The IJ also denied Aziz's application for asylum. Quoting § 208(a)(2)(B) of the Immigration and Nationality Act, the IJ noted that an alien must apply for asylum within one year of arriving in the United States. Extraordinary circumstances may excuse an alien's failure to apply for asylum within one year, but the alien bears the burden of demonstrating those extraordinary circumstances. Because Aziz arrived in the United States in February 2001, the IJ reasoned, Aziz's application for asylum had been due by February 2002. Aziz did not file an application for asylum until October 2005. The IJ reviewed the facts before the immigration court and concluded that Aziz had not demonstrated extraordinary circumstances excusing his delay in applying for asylum. The IJ therefore denied Aziz's asylum application as untimely.

Aziz appealed to the BIA. In a per-curiam opinion, the BIA adopted and affirmed the IJ's decisions. Aziz timely filed a petition for review with this Court.

II.

"We generally have authority to review only the decision of the BIA. When the IJ's ruling affects the BIA's decision, however, we also review the decision of the IJ." Zhu v. Gonzales, 493 F.3d 588, 593 (5th Cir. 2007) (footnote omitted). We review an IJ's decision that the BIA adopts. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). Here, the BIA adopted and affirmed the IJ's decision to deny Aziz's applications for asylum and for withholding of removal. Provided that we otherwise have jurisdiction, we therefore review the IJ's decision to deny asylum and withholding of removal.

A.

We do not have jurisdiction to review an IJ's determination about an asylum application's timeliness when that determination is "based on [the] IJ's assessment of facts and circumstances." Nakimbugwe v. Gonzales, 475 F.3d 281, 284 (5th Cir. 2007). Here, Aziz filed an application for asylum more than one year after arriving in the United States. The IJ reviewed the facts before the immigration court and found that, based on the facts presented, Aziz had presented no extraordinary circumstances excusing Aziz's delay in applying for asylum. The IJ therefore denied Aziz's application.

Because the IJ's denial of Aziz's asylum application was based upon an assessment of facts and circumstances, we lack jurisdiction to review the IJ's decision. We dismiss Aziz's petition for review insofar as it challenges the denial of asylum.

B.

Aziz also challenges the denial of his application for withholding of removal. An application for withholding of removal must be granted when "the alien's life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The alien bears the burden of

proving his life or freedom would be threatened if he is removed. Id. § 1231(b)(3)(C). To meet this burden, the alien must establish a clear probability—that it is "more likely than not"—that his life or freedom would be threatened upon removal. INS v. Stevic, 467 U.S. 407, 429-30 (1984). He may do so by proving that he would be singled out individually for persecution or by proving that he belongs to a group of people against whom "there is a pattern or practice of persecution . . . such that it is more likely than not [the alien's] life or freedom would be threatened upon return to that country." 8 C.F.R. § 1208.16(b)(2).

We review an IJ's factual findings only for "substantial evidence." Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995). Whether an alien demonstrates a clear probability of persecution upon return to the country of removal is a factual finding. See Efe, 293 F.3d at 906. The IJ here denied Aziz's application for withholding of removal because, the IJ found, the facts before the immigration court did not establish a clear probability Aziz would suffer persecution upon removal to Pakistan. We therefore must deny Aziz's petition for review unless the evidence supporting his application for withholding of removal is so overwhelming that "any reasonable adjudicator would be compelled to conclude" that his application should have been granted. 8 U.S.C. § 1252(b)(4)(B).

We have carefully reviewed the administrative record. A reasonable adjudicator could find that, even if Aziz demonstrated he belongs to a group of people against whom there is a pattern or practice of persecution in Pakistan, Aziz did not demonstrate the persecution against that group was any more than—to borrow the language of the IJ—"sporadic." In other words, a reasonable adjudicator could find that Aziz has failed to demonstrate "a pattern or practice of persecution . . . such that it is more likely than not [Aziz's] life or freedom would be threatened upon return" to Pakistan. 8 C.F.R.

§ 1208.16(b)(2)(ii) (emphasis added). We therefore deny Aziz's petition for review insofar as it challenges the denial of withholding of removal.

III.

The petition for review is DISMISSED IN PART and DENIED IN PART.