**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-60514
Summary Calendar

VICTORIANO TORRES-ZARATE

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 938 159

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Victoriano Torres-Zarate (Torres), a native and citizen of Guatemala, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the denial of his application for asylum and withholding of removal. Torres argues that the evidence established past persecution because his uncle was killed by guerillas in Guatemala and Torres was persecuted. He contends that the gangs attempted to recruit him. He also contends that he has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a well-founded fear of future persecution based on threats made to him and the attempts at recruitment by gangs in Guatemala.

We conclude that the decision is supported by substantial evidence, and the evidence in the record does not compel a contrary conclusion. *See Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995). Torres's testimony does not establish that he has ever been persecuted by anyone or that he suffered any physical harm. Contrary to his argument, there is no evidence in the record that gangs attempted to recruit him. Torres testified that he was not involved in any political organization and that he had never spoken to a gang member. Additionally, Torres's wife, children, father, and siblings continue to reside in Guatemala without incident.

Because Torres fails to make the requisite showing for asylum, he cannot meet the more stringent standard for proving eligibility for withholding of removal. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). Accordingly, the petition for review is DENIED.