Carlos Armando
**CASTILLO–RODRIGUEZ,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 90–4687
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 22, 1991.

182

Robert E. Kahn, Bellaire, Tex., for petitioner.

Richard Thornburgh, Atty. Gen., U.S. Dept. of Justice, Alice M. King, Dept. of Justice, Robert L. Bombaugh, Civ. Div., Office of Immigration Lit. Washington, D.C., for respondent.

Omer G. Sewall, Dist. Director, Harlingen, Tex., John B.Z. Caplinger, Dist. Director, I.N.S., New Orleans, for other interested parties.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

Carlos Armando Castillo–Rodriguez petitions for review of a final order denying his request for asylum and ordering his deportation in default of his timely voluntary departure. We have jurisdiction over this timely filed petition pursuant to the Immigration and Nationality Act, 8 U.S.C.

§ 1105a. We affirm the decision of the Board of Immigration Appeals.

Petitioner, a native and citizen of Mexico, admitted that he was deportable but sought political asylum alleging that he risked persecution because of his political affiliation and opinions. After four days of hearings, an immigration judge found that petitioner's fear was not reasonable, denied his request for asylum, and ordered his deportation in default of his voluntary departure. The immigration judge issued this order on February 23, 1990.

Petitioner timely appealed this decision to the Board of Immigration Appeals, which reviewed the administrative record *de novo* and concluded that petitioner's appeal was without merit. On August 17, 1990, the Board issued its decision and granted petitioner thirty days in which to voluntarily depart in default of which he would be deported.

On September 17, 1990, petitioner filed with this Court his petition for review, in which he specifically asks that we review the deportation order issued by the immigration judge on February 23, 1990. In contrast, in the statement of jurisdiction in his brief, he asserts that the proceedings have been "initiated pursuant to an order from Respondent agency, the Board of Immigration Appeals, denying Petitioner relief from deportation in the form of political asylum."

*Jurisdiction*

The INS contends that this Court lacks jurisdiction because Castillo–Rodriguez's petition requests that we review the order of deportation entered February 23, 1990. That order, the INS notes, is the order of the immigration judge and not the final order of the Board.

 Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), provides only for the review of final orders of deportation made pursuant to § 242(b) of the Act, 8 U.S.C. § 1252(b). The order of the immigration judge is subject to appeal to the Board, which makes a *de novo* review of the administrative record. *See Rivera v. INS*, 810 F.2d 540, 541 (5th Cir.

1987); *De Lucia v. INS*, 370 F.2d 305, 308 (7th Cir.1966), *cert. denied*, 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed.2d 784 (1967). The order of the immigration judge, then, is not final when a timely appeal is taken to the Board.

 This Court is authorized to review only the order of the Board, not the decision of the immigration judge. *See Kubon v. INS*, 913 F.2d 386, 387 (7th Cir.1990); *Rodriguez–Rivera v. INS*, 848 F.2d 998, 1002 (9th Cir.1988). We refuse, however, to allow a mere technicality in pleading to result in a denial of an opportunity for petitioner to obtain a decision on the merits.

Rules 15 through 20 of the Federal Rules of Appellate Procedure apply to proceedings for review or enforcement of orders of administrative agencies, boards, commissioners, and officers. Fed.R.App.P. 1 advisory committee's note. Rule 15(a) provides, "The petition shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed." Fed.R.App.P. 15(a). An order of an immigration judge is not directly reviewable by this Court. Consequently, the petition for review filed by Castillo–Rodriguez does not "designate ... the order or part thereof to be reviewed." Fed. R.App.P. 15(a).

Although no case has specifically addressed this jurisdictional issue, we are not without guidance. The pleading requirements for petitions for review are almost identical to those for appeals from orders of district courts. Rule 3(c) provides, "The notice of appeal shall specify the party or parties taking the appeal; *shall designate the judgment, order or part thereof appealed from;* and shall name the court to which the appeal is taken." Fed.R.App.P. 3(c) (emphasis added).

The Supreme Court has indicated that a party does not forfeit the right to appeal by designating the wrong judgment as long as it is clear which judgment the party intends to appeal. *See Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962). It is perfectly clear that Castillo–Rodriguez intends to seek re-

view of the Board's order, because our review of the immigration judge's order is not possible.

In *Foman*, the Supreme Court provided clear guidance to courts in considering technical pleading errors in notices of appeal:

> [T]he Court of Appeals should have treated the appeal from the denial of the motions as an effective, although inept, attempt to appeal from the judgment sought to be vacated. Taking the two notices and the appeal papers together, petitioner's intention to seek review of both the dismissal and the denial of motions was manifest....
>
> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.

*Id.* at 181, 83 S.Ct. at 229–30.

We believe that the Supreme Court's directions on the interpretation of rule 3(c) are equally applicable to rule 15(a) because the two rules are analogous. The advisory committee on appellate rules recognizes the "present uniform practice of the circuits of regulating agency review or enforcement proceedings by the general rules applicable to appeals from judgments of the district courts." Fed.R.App.P. 20 advisory committee's note.

We conclude, therefore, that we should treat the petition for review of the immigration judge's order as "an effective, although inept, attempt" to seek review of the final order of the Board. *Id.* at 181, 83 S.Ct. at 229–30. We thus have jurisdiction to consider this petition.

*Request for Asylum*

The asylum remedy at section 208(a) of the Immigration and Nationality Act authorizes the Attorney General, in the exercise of discretion, to grant asylum to "refugees." *See* 8 U.S.C. § 1158(a). Section 101(a)(42) of the Act defines "refugee" as a person who is unable or unwilling to return home "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).

To prove the existence of a well-founded fear of persecution, the alien must demonstrate that a reasonable person in the same circumstances would fear persecution if deported. *Guevara Flores v. INS*, 786 F.2d 1242, 1249 (5th Cir.1986), *cert. denied*, 480 U.S. 930, 107 S.Ct. 1565, 94 L.Ed.2d 757 (1987). The alien must also establish that the feared persecution is based on one of the five enumerated factors. *See Campos–Guardado v. INS*, 809 F.2d 285, 291 (5th Cir.), *cert. denied*, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987).

By demonstrating a well-founded fear of persecution, the alien establishes only an eligibility to be considered for asylum. The Attorney General has the ultimate authority to grant or deny asylum. *See Zamora–Morel v. INS*, 905 F.2d 833, 837 (5th Cir.1990).

The Board reviews the administrative record *de novo*. *See Rivera*, 810 F.2d at 541. We review the Board's factual finding that an alien is not eligible for consideration for asylum only to determine whether it is supported by substantial evidence. *See id.; Campos–Guardado*, 809 F.2d at 290. We accord deference to the Board's interpretation unless there are compelling indications that it is wrong. *See Liwanag v. INS*, 872 F.2d 685, 688 (5th Cir.1989); *Campos–Guardado*, 809 F.2d at 289.

As long as the Board's conclusion is substantially reasonable, we cannot reverse the finding simply because we disagree with the Board's evaluation of the facts. *See Diaz–Escobar v. INS*, 782 F.2d 1488, 1493 (9th Cir.1986). Similarly, we must uphold the Attorney General's ultimate decision whether to grant or deny asylum unless the refugee shows that the action was arbitrary, capricious, or an abuse of discretion. *See Young v. INS*, 759 F.2d 450, 455 n. 6 (5th Cir.), *cert. denied*, 474 U.S. 996, 106 S.Ct. 412, 88 L.Ed.2d 362 (1985).

■ Castillo–Rodriguez first contends that the immigration judge erred in finding that his testimony was self-serving and that he seemed paranoid and not credible as a witness. Any alleged error in the findings of the immigration judge, however, would be harmless unless the Board relied on those findings in reaching its own conclusion on the asylum claim. *See Kubon*, 913 F.2d at 387; *Quintanilla–Ticas v. INS*, 783 F.2d 955, 957 (9th Cir.1986).

In its order, the Board explicitly disclaimed any reliance on the immigration judge's credibility findings:

> We do not find it necessary to rely on the credibility finding[s]. Regardless of any credibility findings, we have no difficulty in determining that a reasonable person in the respondent's position would not have a well-founded fear of persecution in Mexico on account of race, religion, nationality, membership in a particular social group, or political opinion.

As explained in the previous section, we review only the decision of the Board. *See Kubon*, 913 F.2d at 387; *Rodriguez–Rivera*, 848 F.2d at 1002. Since Castillo–Rodriguez does not contend that the Board erred in its factual findings, we conclude that the argument concerning credibility findings is without merit.

■ More significantly, Castillo–Rodriguez argues that the Board erred in finding that he is not eligible for a grant of political asylum because he proved a well-founded fear of persecution on account of his political opinion. The Board correctly applied the reasonable-person standard in determining that Castillo–Rodriguez's fear of persecution was not well founded. *See Guevara Flores*, 786 F.2d at 1249. As the Board explained:

> The record fully supports the Government's contention that the respondent is wanted in Mexico for prosecution on criminal charges. The respondent has not shown that those charges are political, that he would not receive a fair trial in Mexico, or that there is any likelihood of persecution there. His application for asylum was properly denied.

We must uphold any finding of fact that is supported by substantial evidence. *See Zamora–Morel*, 905 F.2d at 838; *Campos–Guardado*, 809 F.2d at 290. Having examined the record, we conclude that substantial evidence supports the Board's conclusion that Castillo–Rodriguez is ineligible for asylum under section 208(a) of the Act. *See* 8 U.S.C. § 1158(a).

*Request for Withholding of Deportation*

■ An application for asylum filed by an alien such as Castillo–Rodriguez who has been placed in deportation proceedings is also treated as a request for withholding of deportation. 8 C.F.R. § 208.3(b); *INS v. Stevic*, 467 U.S. 407, 420 n. 13, 104 S.Ct. 2489, 2496 n. 13, 81 L.Ed.2d 321 (1984); *Ganjour v. INS*, 796 F.2d 832, 834 n. 1 (5th Cir.1986). A court should withhold deportation from a country only on a showing that the alien's "life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h). To make this showing, an alien must establish a clear probability of persecution on one of the enumerated grounds. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434 (1987); *Stevic*, 467 U.S. at 429, 104 S.Ct. at 2501.

■ The showing required to prove a clear probability of persecution is more stringent than that required to prove a well-founded fear of persecution under the asylum remedy. *Cardoza–Fonseca*, 480 U.S. at 449–50, 107 S.Ct. at 1222. In affirming the Board's finding that Castillo–Rodriguez is ineligible for asylum under section 208(a), we necessarily conclude that he is ineligible for withholding of deportation as well. *See Kubon*, 913 F.2d at 388. Since Castillo–Rodriguez has failed to establish a well-founded fear of persecution, he has also failed to establish a clear probability of persecution, the higher standard required by section 243(h). *See id.; Diaz–Escobar*, 782 F.2d at 1492.

*Conclusion*

We conclude that substantial evidence supports the conclusion that Castillo–Rodri-

guez is ineligible for asylum. We therefore affirm the Board's decision to deny his request for asylum.

AFFIRMED.