United States Court of Appeals,

Fifth Circuit.

Nos. 94-40643, 94-40644, 94-40645 and 94-40646

Summary Calendar.

Chang Lian ZHENG, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Zhang XIN-JIE, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Yu Bao CHUN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Chen Yee WANG, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Feb. 15, 1995.

Petitions for Review of Orders of the Board of Immigration Appeals.

Before KING, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:

In each of these cases, the Petitioner, a citizen of the People's Republic of China ("China"), petitions for review of an Order by the Board of Immigration Appeals ("the Board"), which determined that such Petitioner had failed to demonstrate a well-founded fear of persecution as set forth in the Immigration and Nationality Act ("the Act") and accordingly denied such

Petitioner's request for asylum and withholding of deportation. Each Petitioner asserts that the Board erred in its factual finding that he is not a "refugee" within the meaning of Section 101(a)(42) of the Act and that the Board erred as a matter of law in relying on the reasoning of *Matter of Chang,* Int.Dec. 3107 (BIA 1989) and *Matter of G,* Int.Dec. 3215 (BIA 1993) in determining his claim of refugee status as to the forced abortion/forced sterilization policies of China.

The Board's factual finding that an alien is not eligible for consideration for asylum must be upheld if it is supported by substantial evidence. *Castillo-Rodriguez v. INS,* 929 F.2d 181, 183 (5th Cir.1991). To reverse the Board's decision, Petitioner must show "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias,* 502 U.S. 478, ----, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992). We will not reverse a finding simply because we differ with the Board's evaluations of the facts. *Castillo-Rodriguez,* 929 F.2d at 184; and will uphold the Attorney General's determination whether to grant asylum unless the petitioner shows that the action was arbitrary, capricious, or an abuse of discretion. *Id.*

We have carefully reviewed the briefs and the Board's Order and have concluded that the Board's determination that each Petitioner was not entitled to asylum must be upheld.

The Act vests sole discretion as to the granting of asylum to "refugees" in the Attorney General, who has by regulation delegated

2

that authority to the Board.  While Petitioners have demonstrated various proposals to change the criteria defined in *Matter of Chang* and *Matter of G* for use in Chinese forced abortion/forced sterilization asylum claims, those proposals have unfortunately never been implemented.  The criteria described in *Matter of Chang* and *Matter of G* are neither arbitrary nor capricious and are well within the discretion vested in the Attorney General by the Act.  Accordingly, we are unable to conclude that the Board erred as a matter of law in relying on such cases.

For the foregoing reasons, each of the Petitions for Review is DENIED.