CITY OF BENTON, City of North Little Rock, Arkansas, City of Prescott, Arkansas, The Conway Corporation, West Memphis Utilities Commission and Farmers Electric Cooperative Corporation, Petitioners,

v.

NUCLEAR REGULATORY COMMISSION and United States of America, Respondents,

Entergy Corporation, et al., Intervenors.

No. 95–1402.

United States Court of Appeals, District of Columbia Circuit.

Feb. 27, 1998.

Zachary D. Wilson, North Little Rock, AR, was on brief for the petitioner.

Karen D. Cyr, General Counsel, United States Nuclear Regulatory Commission, Washington, DC, John F. Cordes, Jr., Solicitor and E. Leo Slaggie, Deputy Solicitor, Rockville, MD, and Grace H. Kim, Attorney, United States Nuclear Regulatory Commission, Joel I. Klein, Assistant Attorney General, Anne K. Bingaman, Assistant Attorney General at the time the brief was filed, and Robert B. Nicholson, Robert J. Wiggers and Catherine G. O'Sullivan, Attorneys, United States Department of Justice, Washington, DC, were on brief for the respondents.

Jane I. Ryan, Douglas G. Green and John L. Jacobus, Washington, DC, were on brief for the intervenors.

Before: WILLIAMS, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The petitioners, several municipal utilities in Arkansas and the Farmers Electric Cooperative Corporation (collectively Arkansas Cities and Cooperative or ACC), challenge the antitrust component of a Nuclear Regulatory Commission (NRC) order amending the operating license of the River Bend Station Unit 1 (River Bend), a nuclear powered elec-

tric generating plant located in West Feliciana Parish, Louisiana. Because ACC seeks review of a nonfinal, interlocutory order, the petition for review must be dismissed.

In 1993, Gulf State Utilities Company (GSU), a majority owner of River Bend, submitted two license amendment applications to the NRC seeking to transfer GSU's control of the River Bend plant to Entergy Corporation and to transfer operating responsibility and management of River Bend to Entergy Operations, Inc. (EOI), a subsidiary of Entergy. The NRC approved both amendment applications, which had been opposed on safety and antitrust grounds. This court vacated the orders and remanded for further proceedings after petitions for review were filed.*

After the parties filed new submissions, the Director of the Office of Nuclear Reactor Regulation (Director) made a "new finding" that there were no significant changes in GSU's and Cajun Electric's activities warranting an antitrust review of the proposed license amendment. Finding of No Significant Antitrust Changes, 60 Fed.Reg. 18,151–52 (1995); *see* 42 U.S.C. § 2135(c)(2) (in-depth antitrust review is warranted only if NRC determines there have been significant changes in licensee's activities). ACC requested a reevaluation of the determination. Another party also sought review of the NRC's safety determination in approving the license. On May 30, 1995, the Director reiterated his finding of no significant antitrust changes. Reevaluation of Antitrust Finding, 60 Fed.Reg. 29,720 (1995). Subsequently, the NRC issued two orders on June 8, 1995, allowing GSU to merge with Entergy and EOI to operate River Bend. Both orders took immediate effect.

▪ In its petition ACC asks the court to review the Director's May 30, 1995 order. Attached to its petition is a copy of the May 30 order. ACC does not identify any other orders for review. In its docketing statement, however, ACC cites the May 30, 1995 order and one of the June 8, 1995 orders as those on which it seeks review. Further,

ACC attaches to the docketing statement the June 8 NRC order issuing the contested license amendment.

The court has jurisdiction over "all final orders of the [NRC] made reviewable by Section 2239 of title 42." 28 U.S.C. § 2342 (Hobbs Act). Section 2239(a) permits review of "[a]ny final order" entered by the NRC in any proceeding "for the granting, suspending, revoking, or amending of any license." Parties aggrieved by a final agency order have 60 days to file a petition for review. 28 U.S.C. § 2344; *see Public Citizen v. NRC,* 845 F.2d 1105, 1107 (D.C.Cir.1988). A party must "designate the ... order or part thereof to be reviewed." Fed. R.App. P. 15(a).

Although the Director's May 30 finding addressed the antitrust issues raised by ACC, it did not discuss the NRC's safety determination which was still pending before the NRC. Further, the Director's May 30 finding did not result in the grant or denial of GSU's request to amend the license. Not until the license amendments were issued on June 8 did the NRC conclusively determine the antitrust and safety issues.

▪ ACC concedes, in effect, that it named the wrong order in its petition but argues that neither the NRC nor Entergy was prejudiced because both knew that ACC was challenging the order issuing the license. ACC accuses the NRC and Entergy of relying on technical arguments to defeat its petition. Alternatively, ACC contends that the Director's May 30 order could be viewed as having consummated the NRC's decision-making process regarding its antitrust analysis and thus was a final appealable order. ACC's argument is incorrect. In a licensing proceeding, it is the order granting or denying the license that is ordinarily the final order. *See Massachusetts v. NRC,* 924 F.2d 311, 322 (D.C.Cir.), *cert. denied,* 502 U.S. 899, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991); *Natural Resources Defense Council, Inc. v. NRC,* 680 F.2d 810, 815 & n. 11 (D.C.Cir.1982). Although NRC orders that are given "immediate effect" constitute an exception to this

---

* *Cajun Elec. Power Coop., Inc. v. NRC,* No. 94–1113, 1995 WL 224861 (D.C.Cir. Mar. 14, 1996) (unpublished).

rule, *see Massachusetts v. NRC,* 924 F.2d at 322, the May 30 order was not given immediate effect.

Whichever order ACC *intended* to ask the court to review, it named the wrong order in its petition. Fed. R.App. P. 15(a) requires that ACC's petition be dismissed for failing properly to designate the order to be challenged. *See John D. Copanos & Sons, Inc. v. FDA,* 854 F.2d 510, 527 (D.C.Cir.1988) (petition for review designating one order in a proceeding was not adequate to obtain review of any other order that was part of the same administrative record); *see also Gottesman v. INS,* 33 F.3d 383, 388 (4th Cir.1994) (jurisdictional requirements of Rule 15(a) may not be waived). The court declines to adopt the reasoning of *Castillo-Rodriguez v. INS,* 929 F.2d 181, 183 (5th Cir.1991) (holding that even though petitioner sought review of immigration judge's nonfinal order only, court would review Board of Immigration Appeal's final determination on the merits), because to do so would make unclear the point at which agency orders become final and thus add unnecessary confusion to the agency's operation and the court's review of agency determinations.

ACC also argues that *Seacoast Anti–Pollution League v. NRC,* 690 F.2d 1025, 1027 (D.C.Cir.1982), stands for the proposition that an NRC order refusing to hold a hearing is a final order for purposes of appeal. In that case the Seacoast Anti–Pollution League sought a hearing to revoke a nuclear power plant's construction permit on the ground the NRC had failed to require the development of an adequate evacuation plan. The court held that the refusal to institute a revocation proceeding is a reviewable final order. *Id.* at 1028. Here, by contrast, ACC seeks review of the Director's interlocutory antitrust finding.

Because ACC designated a nonfinal interlocutory order in its petition for review and failed to designate in a timely fashion the order it intended to be reviewed, its petition is dismissed for lack of jurisdiction.

*So ordered.*