IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-60975
Summary Calendar

———————————

PARMJIT SINGH

Petitioner

v.

IMMIGRATION AND NATURALIZATION SERVICES

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71 484 765
--------------------
September 9, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Parmjit Singh appeals the Board of Immigration Appeals'
("BIA") dismissal of his appeal from the Immigration Judge's
decision that denied his applications for asylum and withholding
of deportation.  Singh challenges the adverse credibility
determination made by the Immigration Judge and adopted by the
BIA.  Singh asserts that the credibility determination was
erroneously based on minor inconsistencies between his testimony

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his asylum application as well as his lack of sophistication in remembering dates and the sequence of events that resulted in his flight from India. Singh asserts that he was not required to produce corroborating evidence to establish his credibility. Singh contends that his three-day detention established a well-founded fear of persecution.

We review the Immigration Judges's findings as adopted by the BIA. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). We give great deference to an Immigration Judge's decision regarding an alien's credibility. Efe, 293 F.3d at 903; Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Review of the findings on asylum and withholding of deportation is for substantial evidence; we will not reverse unless we find that the evidence "*compels*" a conclusion that is contrary to that reached by the BIA. Efe, 293 F.3d at 903; Chun, 40 F.3d at 78.

A review of the evidence demonstrates that the credibility determinations made by the Immigration Judge and adopted by the BIA are supported by the record, and we will not substitute our judgment for that of the Immigration Judge on a credibility issue. Chun, 40 F.3d at 78. Because Singh's credibility was impugned during the deportation proceedings, his uncorroborated testimony was not sufficient to establish his asylum claim. Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996); 8 C.F.R. § 208.13(a). Singh has not shown that the evidence compels a conclusion contrary to that reached by the BIA. Chun, 40 F.3d at

78.  Accordingly, the BIA's findings that Singh did not demonstrate that the government of India would persecute him if he returned and that Singh did not establish his claim of asylum are supported by substantial evidence.  Efe, 293 F.3d at 903; Chun, 40 F.3d at 78.

We consider Singh's asylum claim also as a request for withholding of deportation.  Castillo- Rodriquez v. INS, 929 F.2d 181, 185 (5th Cir. 1991).  The standard for withholding of deportation is higher than that for asylum.  Efe, 293 F.3d at 906.  Because Singh does not meet the standard for asylum, he also does not meet the standard for withholding of deportation.  See id.  Singh's petition for review is DENIED.

Accordingly, the petition for review is DENIED.