IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60353
Summary Calendar

_____

ROZY RAJWANY

             Petitioner

v.

IMMIGRATION AND NATURALIZATION SERVICE

             Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
A70-812-229
--------------------
February 27, 2003

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Rozy Rajwany petitions this court for review of the order of the Board of Immigration Appeals ("BIA") dismissing her appeal from the denial of her application for asylum and withholding of deportation.

Upon review of Rajwany's claims, we find substantial evidence to support the BIA's conclusion that Rajwany failed to establish a nexus between the specific events of alleged persecution she testified to and her status as a Bihari. Efe v. Ashcroft, 293 F.3d

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

899, 903 (5th Cir. 2002) ("The [BIA]'s factual conclusions are reviewed for substantial evidence."); Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994) ("[A]bsent dispositive error of law, we must affirm the [BIA]'s determination that [the petitioner] was ineligible for asylum or withholding of deportation if we find that its decision was supported by substantial evidence in the record."); Castillo-Rodriguez v. INS, 929 F.2d 181, 184 (5th Cir. 1991) ("As long as the [BIA]'s conclusion is substantially reasonable, we cannot reverse the finding simply because we disagree with the [BIA]'s evaluation of the facts.").

The BIA's dismissal of Rajwany's appeal based on its determination that Rajwany did not establish either past persecution or a well-founded fear of future persecution in Bangladesh on account of a ground enumerated under 8 U.S.C. § 1101(a)(42)(A) is AFFIRMED.[2] Because Rajwany does not meet the standard for asylum, she also does not meet the standard for withholding of deportation. Efe, 293 F.3d at 906. Accordingly, to the extent her application is treated as a request for withholding of deportation, such request (and all other requests not herein granted) is DENIED.

---

[2] A "refugee" under 8 U.S.C. § 1101(a)(42)(A) is a person who is outside of her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."