United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60783
Summary Calendar

VICTOR LEONEL CORTEZ-OROZCO,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 092 335
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:*

     Victor Leonel Cortez-Orozco, a native of Colombia, petitions

for review of an order issued by the Board of Immigration Appeals

("BIA").  The BIA's order affirmed the decision of the

Immigration Judge ("IJ") that denied Cortez-Orozco's applications

for asylum and withholding of removal.

     Cortez-Orozco asserts that the IJ erred by deciding that he

did not suffer persecution and that he did not establish a

well-founded fear of persecution if he is removed to Colombia.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We construe the Respondent's motion for summary affirmance as its brief.

We review legal conclusions de novo and findings for substantial evidence. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). We will not reverse a BIA decision unless the evidence is "'so compelling that no reasonable fact-finder could conclude against it.'" Moin v. Ashcroft, 335 F.3d 415, 419 (5th Cir. 2003).

The IJ found that the testimony produced at the hearing was not credible. We give great deference to such credibility determinations. Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). Cortez-Orozco does not challenge the IJ's credibility determination.

The IJ found that Cortez-Orozco did not provide credible evidence of the threats that he allegedly received. Cortez-Orozco does not challenge this finding. Cortez-Orozco does not challenge the IJ's denial of relief under the Convention Against Torture.

The failure to provide in an appellate brief an argument as well as citations to authorities and the record on an issue constitutes abandonment of the issue; Cortez-Orozco has abandoned any challenge related to the above-mentioned issues and findings. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The IJ's findings that Cortez-Orozco was not subjected to persecution and that he did not establish a well-founded fear of

persecution if he is removed to Colombia are supported by the record.  See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 351 (5th Cir. 2002); Adebisi v. INS, 952 F.2d 910, 912 (5th Cir. 1992). Cortez-Orozco did not provide any facts, citations to the record, and citations to authorities in support of his assertions that he has suffered and will suffer persecution in Colombia.  Cortez-Orozco's conclusional allegations are insufficient to warrant a reversal of the BIA's decision.  Moin, 335 F.3d at 419.

We consider Cortez-Orozco's asylum claim also as a request for withholding of deportation.  Castillo-Rodriquez v. INS, 929 F.2d 181, 185 (5th Cir. 1991).  Because Cortez-Orozco does not meet the standard for asylum, he does not meet the standard for withholding of deportation.  Efe, 293 F.3d at 906.  Accordingly, the petition for review is DENIED.

The Respondent's motion for summary affirmance or in the alternative for an extension of time to file a response brief is DENIED.

PETITION FOR REVIEW DENIED; MOTION DENIED.