United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60769
Summary Calendar

DANIEL HUMBERTO MORALES-GARCIA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 900 687
--------------------

Before REAVLEY, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Humberto Morales-Garcia petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") decision to deny his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Morales argues that the IJ and BIA did not give meaningful, fair, and full consideration to the evidence in the record and that there was substantial evidence to support his claims for asylum and withholding of removal. Because Morales has not briefed a claim for protection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under CAT, that claim is abandoned.  Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Contrary to Morales's contention, the BIA's summary affirmance of the IJ's decision was proper.  See Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003).  After reviewing the record and the briefs, we conclude that the decision is supported by substantial evidence and that the evidence in the record does not compel a conclusion contrary to that reached by the IJ and BIA.  See Mikhael v. INS, 115 F.3d 299, 303 n.2 (5th Cir. 1997); Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996); Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994); Castillo-Rodriguez v. INS, 929 F.2d 181, 185 (5th Cir. 1991).  Specifically, we note that the alleged threats made against Morales occurred approximately 15 years ago and neither he nor his family have been harmed during the ensuing years.  Threats, standing alone, are insufficient to establish persecution.  See e.g., Ahmed v. Ashcroft, 348 F.3d 611, 616 (7th Cir. 2003); Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000).

In addition, the IJ and the BIA may take administrative notice of changed circumstances which show that there is little likelihood of present or future persecution.  Matter of Chen, 20 I. & N. Dec. 16, 18, 1989 WL 331860 (BIA 1989).  Morales does not address or challenge the IJ's finding that, because of the 1996

peace accords with the guerrillas in Guatemala, he would not face persecution upon his return there.

The petition for review is DENIED.