United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 04-60582

Summary Calendar

———————————

Saleem Ibrahim Charania
                              Petitioner,

versus

Alberto R. Gonzales, U.S. Attorney General
                              Respondent.

———————————

Petition for Review of an Order of the
Board of Immigration Appeals

———————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Petitioner Saleem Ibrahim Charania challenges the decision of

the Board of Immigration Appeals ("BIA") adopting and affirming,

without opinion, the immigration judge's ("IJ") decision to deny

his request for asylum and for withholding of removal.  Finding the

IJ's decision supported by substantial evidence, we affirm.

<u>I.</u>

———————————

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Saleem Ibrahim Charania, a 38-year old male native and citizen of Pakistan, attempted to enter the United States without a valid passport. The Immigration and Naturalization Service ("INS") charged him under 8 U.S.C. § 212(a)(7)(A)(I) of the Immigration and Nationality Act. His petition for asylum was denied by the IJ, and the Board of Immigration Appeal affirmed, without opinion.

Charania requested asylum on the basis of alleged persecution and fear of persecution as a Shi'a Muslim. He asserted that his life was threatened by Sunni Muslims, the religious majority in Pakistan. He alleged that in May 2001, shortly before arriving in the United States, he was attacked by several Sunni youth and was hospitalized for two days due to his injuries. He also alleged that violence against Shi'a Muslims was on the rise since the death of Sunni Muslim leader, Saleem Qadri, earlier that month.

The IJ rejected Charania's claim for asylum, finding inconsistencies in his testimony and credibility problems with his documentary evidence. She concluded that Charania failed to show that he was persecuted or that he had a reasonable fear of persecution. She described the act of vandalism at his store as mere "harassment," rather than persecution. Charania submitted two affidavits of neighboring shop owners who supported his testimony regarding the May 2001 attack. However, the IJ discredited this testimony because Charania testified that he did not know the two affiants, while each averred that they knew Charania for several years.

2

The Board of Immigration Appeals affirmed the IJ's decision without opinion. The BIA denied Charania's motion to reopen, finding the evidence cumulative and identical to arguments previously raised. We have jurisdiction pursuant to 8 U.S.C. § 1251(b)(1).

## II.

We review a BIA's determination that an applicant for asylum failed to establish his statutory eligibility for substantial evidence.[1] Under this standard, we may not reverse the BIA's decision unless we find that the evidence compels a contrary conclusion.[2] Substantial evidence is lacking only if the petitioner establishes that the record evidence "was so compelling that no reasonable fact finding could fail to find" the petitioner statutorily eligible for asylum or withholding.[3]

Under section 208(a) of the INA,[4] the Attorney General is authorized to grant asylum to "refugees."[5] A refugee is a person

---

[1]*INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). Typically, we only review the decision of the BIA and do not concern ourselves with the decision of the IJ. *Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir. 1991). However, when the BIA has adopted the findings of the IJ, we review the IJ's decision directly. *Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995).

[2]*Elias-Zacarias*, 502 U.S. at 481 n.1; *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).

[3]*Elias-Zacarias*, 502 U.S. at 483-84.

[4]8 U.S.C. § 1158(a).

[5]*INS v. Cardoza-Fonseca*, 480 U.S. 421, 428 n.5 (1987); *Mikhael v. INS*, 115 F.3d 299, 303 (5th Cir. 1997).

3

unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[6] In order to establish refugee status, the applicant must present specific facts demonstrating that he suffered past persecution or has a well-founded fear of future persecution on account of one of the protected categories.[7] The burden is on the claimant to establish eligibility for asylum and withholding of deportation.[8]

We conclude that Charania has failed to meet his burden of establishing that he qualifies for asylum and withholding. Charania was the only witness during his asylum hearing, and his testimony contradicts the documentary evidence he submitted. Charania testified to several beatings, but he presented no evidence establishing that the beatings actually occurred. In addition, the affidavits supporting the alleged May 2001 beating were provided by two individuals who stated they knew Charania for several years. However, Charania testified repeatedly on the stand that he did not know the two affiants. Moreover, the affidavits stated that the incident occurred on May 26, 2001, while Charania

---

[6] 8 U.S.C. § 1101(a)(42)(A).

[7] *Id.*; *Elias-Zacarias*, 502 U.S. at 481; *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

[8] *See* 8 C.F.R. § 208.13 (1999); *Mikhael*, 115 F.3d at 304; *Faddoul*, 37 F.3d at 188.

4

maintained that the incident occurred on May 30, 2001.  The IJ did not err in refusing to give credence to these affidavits.  Finally, Charania also cannot establish that the attacks occurred on account of his membership in the Shi'a Muslim community.

## III.

For the foregoing reasons, the BIA's decision affirming the IJ's denial of asylum and withholding to Charania is AFFIRMED.