United States Court of Appeals

Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

————————

m 05-60487
Summary Calendar

————————

MUKHTAR AHMAD, FARZANA MUKHTAR, AND DANYAL AHMAD,

Petitioners,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

————————————

Petition for Review of an Order of the
Board of Immigration Appeals
m A71 471 729
m A96 051 414
m A96 051 415

————————————

Before SMITH, GARZA, and PRADO,
  Circuit Judges.

PER CURIAM:*

———————————

 * Pursuant to 5TH CIR. R. 47.5, the court has de-
termined that this opinion should not be published
(continued...)

Mukhtar Ahmad, his wife Farzana Mukhtar,
and his son Danyal Ahmad (collectively,

———————————

 *(...continued)
and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

"Ahmad")[1] petition for review of the denial by the Board of Immigration Appeals ("BIA") of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the decision of the immigration judge ("IJ") turned primarily on an adverse credibility determination with substantial support in the record, we deny the petition for review.

Ahmad is a native and citizen of Pakistan and former active member of the Pakistan Peoples Party ("PPP"). He claims he was kidnaped and beaten severely by associates of Shabir Ahmad ("Shabir"), a member of the Jamati Islamic party, for criticizing Shabir and his political party. Since that time, Ahmad, as a professor at a public university, allegedly received threats against him and his family for his progressive political views. He came with his family to the United States on visitors' visas that have expired. He admits removability but has timely filed for asylum.

The IJ denied Ahmad's claims based primarily on a finding of adverse credibility. The IJ noted that Ahmad did not leave Pakistan for the United States until nearly six months after receiving a visitor's visa, despite allegedly fearing persecution. When asked why he did not file for asylum until one day before the statutory deadline, he appeared to vacillate, saying first that he was unaware of the asylum remedy and later that he thought only political figures could apply for asylum.

The IJ also found the description of Ahmad's difficulties vague and found unreliable

the testimony of the one telephone witness he provided. Finally, the IJ concluded that even if Ahmad were credible, the harassment alleged would not rise to the level of persecution.

The BIA adopted and affirmed the IJ's findings of fact, with the caveat that if the IJ had found Ahmad's testimony credible, the facts alleged were sufficient to prove persecution. With this one exception, we treat the opinion of the IJ as the final agency action for purposes of this appeal.[2]

We review for substantial evidence the factual basis of the IJ's denial of Ahmad's claims for asylum, withholding of removal, and protection under CAT. *Zhang v. Gonzales*, 432 F.3d 339, 343-44 (5th Cir. 2005). We will reverse the BIA only if we find that no reasonable factfinder could disagree with the result, i.e., that the evidence must compel the contrary conclusion. *Chun*, 40 F.3d at 78. When reviewing an IJ's credibility determination, we are particularly deferential. *Id.*

There are two parts to a successful asylum claim. First, the alien must establish eligibility by proving that he is "unable or unwilling to return to . . . [his home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A well-founded fear of persecution involves "a subjective fear of persecution, and that fear

---

[1] Farzana Mukhtar and Danyal Ahmad are derivative beneficiaries of Mukhtar Ahmad's I-589 application for asylum and withholding of removal. Our analysis applies equally to all claimants.

[2] *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) ("We may review actions of the IJ only when they have some impact on the BIA's decision . . . . In this case, the BIA specifically adopted the credibility findings of the IJ; therefore, we may review the findings of the IJ.") (internal citation omitted).

must be objectively reasonable." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). Second, the Attorney General or his delegate, the IJ, must decide, in his sole discretion, to grant the claim.[3]

The standard of proof for withholding of removal is "more stringent" than the standard for asylum claims. *Mikhael*, 115 F.3d at 306. The alien must prove by a "clear probability" that he will, in fact, be persecuted if returned to his home country. *Id.* (internal citation omitted).[4] Under CAT an alien must show it is more likely than not that he will suffer torture, as opposed to mere persecution, if removed to his home country. *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

The IJ's credibility determination is supported by substantial evidence. It is not unreasonable to conclude that Ahmad, a university professor, knew of the existence of the asylum remedy well before he filed, despite his statement to the contrary; at any rate, his later equivocation called his credibility into question.[5]

Ahmad argues that this credibility determi-nation does not relate to an event central to his asylum claim and therefore cannot impeach his entire testimony. We disagree. That Ahmad waited nearly a year to file for asylum and six months after receiving a visitor's visa to leave Pakistan for the United States, calls into question whether he has a "subjective fear of persecution" as required for asylum. *Lopez-Gomez*, 263 F.3d at 445.

We assume *arguendo*, as the BIA found, that Ahmad has alleged facts sufficient to constitute persecution.[6] But, as the BIA notes, an alien's uncorroborated testimony must be credible before an IJ can grant asylum.[7] For the reasons mentioned above, we are not compelled to find that Ahmad testified credibly, and he presents no satisfactory corroborating evidence to carry his burden of proof.[8]

Because Ahmad mentions his withholding of removal and CAT claims only in his statement of the issues without developing either claim in the body of the brief, those issues are

---

[3] *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005); *Mikhael v. INS*, 115 F.3d 299, 303 (5th Cir. 1997).

[4] *See also Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994) ("This standard contains no subjective component but requires a higher objective likelihood of persecution than the 'well-founded fear' standard.") (internal citation omitted).

[5] Ahmad argues that this finding infringes on his right to file for asylum at any time before the statutory deadline. The IJ's reasoning, however, does not go to the timeliness of the application, but only to the probative value of Ahmad's testimony.

[6] For this reason, we need not rely on the IJ's finding that Ahmad's description of his difficulties is impermissibly vague.

[7] 8 C.F.R. § 208.13(a) ("The testimony of the applicant, *if credible*, may be sufficient to sustain the burden of proof without corroboration.") (emphasis added).

[8] As the IJ noted, the one telephone witness Ahmad presented, Rahim Kahn, filed an affidavit identical (except for name and date) to one filed earlier by Qasim Khan. Also, Rahim Khan's testimony and affidavit together suggest that Ahmad and Shabir live in the same village, but Ahmad never mentioned this fact. Although these discrepancies may be the result of confusion over similar names, the IJ's interpretation of the available evidence is reasonable.

3

waived on appeal.[9] We note, however, that where an alien fails to meet his burden of proving eligibility for asylum, he ordinarily does not meet the stricter standards established for withholding of removal and relief under CAT.[10]

The petition for review is DENIED.

---

[9] *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (finding CAT claim waived for insufficient briefing); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) ("Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned.").

[10] *See Castillo-Rodriguez v. INS*, 929 F.2d 181, 185 (5th Cir. 1991) (explaining that in affirming BIA's finding that alien is ineligible for asylum, "we necessarily conclude that he is ineligible for withholding of deportation as well"); *Efe*, 293 F.3d at 907 (noting that unlike asylum or withholding of removal claims, "CAT does not require persecution, but the higher bar of torture").