United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 06-60061

MURHAD H. FAZLI, ET AL.,

Petitioners,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

Petition for Review of the Decision of the Board of Immigration Appeals

(A74 792 411)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioners Murhad and Salima Fazli ("Petitioners"), natives and citizens of Pakistan, petition for review of an order from the Board of Immigration Appeals ("BIA"). The BIA affirmed, without opinion, the decision of the Immigration Judge ("IJ") denying Petitioners' application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA affirmed without opinion, we treat the IJ's decision as the "final agency determination" for purposes of our review. *See* 8 C.F.R. § 3.1(a)(7)(iii); *see also Girma v. INS*, 283 F.3d 664, 666 (5th Cir. 2002).

We turn first to Petitioners' asylum claim, which, like their withholding of removal and CAT claims, is based on their alleged fear of religious persecution upon return to Pakistan. *See* 8 U.S.C. § 1101(a)(42)(A) (enumerating persecution on account of religion as a valid basis for granting asylum). Petitioners are Ismaili Shia Muslims. Petitioners allege that the Sunni Muslim majority in Pakistan persecutes Shia Muslims and that the Pakistani government, though willing, is unable to control the situation. *See Matter of Kasinga*, 21 I & N Dec. 357, 365 (BIA 1996) (explaining that "persecution" can consist of harm inflicted by a government or by "persons a government is unable or unwilling to control"). The IJ determined that Petitioners lack a well-founded fear of religious persecution upon return to Pakistan.

We must uphold the IJ's decision if it is supported by "substantial evidence." *Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995). That is, we must deny the petition unless the evidence supporting Petitioners' eligibility for asylum is so overwhelming that any reasonable factfinder would be compelled to find them eligible. *See Mikhael v. INS*, 115 F.3d 299, 304 (5th Cir. 1997). We will not disturb the IJ's finding simply because we disagree with

2

it. *See Castillo-Rodriguez v. INS*, 929 F.2d 181, 184 (5th Cir. 1991).

After our own independent and thorough review of the record and briefs, we cannot say that the evidence compels a conclusion contrary to that made by the IJ. Substantial evidence supports the IJ's decision that Petitioners do not have a well-founded fear of religious persecution upon return to Pakistan. Therefore, we must deny the petition as it relates to Petitioners' asylum claim. As a result, we need not address Petitioners' withholding of removal claim; it fails automatically in this context. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004) (noting that applications for withholding of removal are subject to a stricter standard of proof than applications for asylum). Finally, Petitioners have waived their CAT claim by not briefing it on appeal. *See Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993). Thus, we DENY the petition.

**DENIED.**