# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-61008
Summary Calendar

DIVYESH SHANTILAL PATEL

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the United States
Board of Immigration Appeals
A94 773 138

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Divyesh Patel, a twenty-eight year old native and citizen of India, entered the United States without permission at Loredo, Texas, on or about August 4, 2006. On October 17, 2006, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Patel with violating section

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

212(a)(6)(A)(I) of the INA, as an alien present in the United States without having been admitted or paroled.

On February 12, 2007, at a hearing before an Immigration Judge ("IJ"), Patel admitted the factual allegations in the NTA and conceded removability. On March 19, 2007, Patel applied for asylum, withholding of removal, and Convention Against Torture ("CAT") protection asserting that he had been persecuted in India because of his religion. In Patel's case before the IJ, the IJ found that Patel's testimony was not sufficiently detailed, consistent, or reasonable to sustain his burden of proof in establishing past persecution or a well-founded fear of future persecution. Patel appealed the IJ's decision to the Board of Immigration Appeal ("BIA") which affirmed the IJ's judgment.

Patel now petitions for review of the BIA's order, arguing the IJ's finding that Patel lacked credibility is not supported by substantial evidence in the record.

We review the BIA's denial of an application for withholding of removal and protection under CAT under the substantial evidence test. Under this standard of review, reversal is improper unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005) (citing *Chun v. INS*, 40 F.3d 76,78 (5th Cir. 1994)). We only review orders issued by the Board. *Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir. 1991). Ordinarily this court does not consider the rulings and findings of immigration judges unless they impact the Board's decision. *Id.* Since the BIA adopted the IJ's findings and conclusions, we review the IJ's findings here.

In this case the IJ denied Patel's petition for asylum, finding that Patel's claims were not sufficiently credible. Record, p. 75. Credibility determinations are given great deference. The fact finder is in a superior position to judge the credibility of the witnesses and to make findings accordingly. *Efe v, Ashcroft*,

293 F.3d 899, 905 (5th Cir. 2002) (*citing Vasquez-Mondragon v. INS*, 560 F.2d 1225, 1226 (5th Cir. 1997)).

Patel's testimony before the IJ was fraught with inconsistencies. For example, although Patel claimed that the violence against him and his uncle arose from his uncle's decision to run for a position in a political party, the IJ and the Board concluded that Patel had a general ignorance of the party's purpose and gave only vague descriptions of the title and nature of the office for which his uncle had intended to run. Also, the IJ found parts of Patel's story implausible, remarking that his story grew more expansive and unbelievable each time he recounted the facts. For instance, Patel testified at the outset that there was no publicity over the multiple, politically and religiously motivated murders he had witnessed because there were too many murders in India for the press to cover; however, Patel later testified that if he exposed the violence, he would risk death since public knowledge of these events would bring about the unraveling and eventual downfall of the Congress Party.

Further, the documentary evidence provided by Patel did nothing to corroborate the facts in his story. A driver's license listed his parent's address despite Patel's testimony that he lived with his uncle. Death certificates proffered to show that his uncle and wife had been murdered did not list the cause of death. Finally, Patel provided no evidence from either the national or regional BJP party as to his uncle's role in the party or acknowledgment of the circumstances surrounding Patel's uncle's death.

Because of the strong deference we give to the IJ on his credibility findings and since nothing in either the record or Patel's brief compels a contrary conclusion, we deny review of the order of the BIA.

PETITION DENIED.