# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2011

No. 10-60732
Summary Calendar

Lyle W. Cayce
Clerk

ANA BEATRIZ SERRANO-DERAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072-453-893

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:*

Ana Beatriz Serrano-Deras, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) order denying her request for asylum and withholding of removal. Serrano-Deras contends that she is entitled to asylum and withholding of removal because of past persecution and the likelihood of future persecution on account of her membership in a particular social group and her related political opinion. Specifically, she contends that she

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

belongs to a social group comprised of "Salvadoran women who refuse predation by gang members, and also refuses sexual and violent advances by gang members," and she characterizes her political opinion as "opposition to male domination and abuse." Whether an alien has demonstrated eligibility for asylum or withholding of removal is a factual determination reviewed for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, reversal is improper unless this court decides that the evidence compels a contrary conclusion. *Id.* Further, as long as the conclusion is substantially reasonable, this court may not disturb the BIA's findings simply because it "disagree[s] with the [BIA's] evaluation of the facts." *Castillo-Rodriguez v. INS*, 929 F.2d 181, 184 (5th Cir. 1991).

The Attorney General has authority to grant asylum to any applicant who qualifies as a refugee under 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b). A refugee is a "person who is outside any country of such person's nationality," who cannot or is unwilling to return to "that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." § 1101(a)(42)(A). An applicant for withholding of removal has the burden of showing that it is "more likely than not" that her life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum. 8 C.F.R. § 208.16(b); 8 U.S.C. § 1231(b)(3); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

The determination that Serrano-Deras has not shown membership in a particular social group or political opinion is supported by the record and is substantially reasonable. *See Castillo-Rodriguez*, 929 F.2d at 184. Because she has not demonstrated that any protected ground was a central reason for the alleged persecution, Serrano-Deras has not demonstrated that the IJ and the BIA erred in denying asylum and withholding of removal. *See Shaikh v. Holder*,

No. 10-60732

588 F.3d 861, 864 (5th Cir. 2009).  Accordingly, the petition for review is DENIED.