# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2021

Lyle W. Cayce
Clerk

No. 19-60825
Summary Calendar

VILMA DOLORES ARGUETA-CANALES,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 453 026

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Petitioner Vilma Dolores Argueta-Canales is a native and citizen of El Salvador. She petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of an Immigration Judge (IJ) denying her application for asylum, withholding of removal, and relief

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

under the Convention Against Torture (CAT).  The petition for review is denied in part and dismissed in part.

Argueta-Canales contends that the BIA erred in holding her claimed particular social groups noncognizable.  For a proposed particular social group to be cognizable, it must, *inter alia*, exist independently of the harm asserted and not be defined circularly by the persecution suffered.  *Gonzales-Veliz v. Barr*, 938 F.3d 219, 230-32 (5th Cir. 2019).  Argueta-Canales's proposed social group "women victims of rape" is defined by, and does not exist independently of, the harm asserted by the group members.  *See id.* at 232.  This portion of the petition for review is denied.

Regarding the proposed social groups "victims of abuse by their parent(s)" and "victims of threats by gang members," Argueta-Canales did not file a motion asking the BIA to reconsider whether she adequately articulated those two groups to the IJ.  Likewise, Argueta-Canales did not file a motion to have the BIA reconsider its decision that her request for humanitarian asylum was not adequately presented to the IJ.  Failure to exhaust an issue creates a jurisdictional bar.  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).  This portion of the petition for review is dismissed.  *See id.*

An applicant who does not carry her burden of proof for asylum does not meet the higher standard for withholding of removal.  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  Because Argueta-Canales did not meet the lower burden for asylum, the BIA did not err in denying her request for withholding of removal.  *See id.*  This portion of the petition for review is denied.

Although Argueta-Canales argues that the IJ erred by determining that she could reasonably relocate within El Salvador to avoid harm, the BIA specifically did not address that issue.  This court reviews the opinion of the BIA and does not address the opinion of the IJ unless it impacted the BIA's

No. 19-60825

decision. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). This portion of the petition for review is dismissed. *See Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir. 1991).

To qualify for relief under the CAT, an applicant must establish that the government of her home country would instigate, consent to, or acquiesce in her torture. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). The BIA's conclusion that Argueta-Canales did not prove that she would be tortured by, or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity is based on the evidence presented and is substantially reasonable. *See Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018). This portion of the petition for review is denied.

DENIED IN PART; DISMISSED IN PART.