# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2021

Lyle W. Cayce
Clerk

No. 19-60741
Summary Calendar

Arif Karim Marediya; Sunelaben Arif Marediya,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 596 567
BIA No. A087 596 569

---

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Arif Karim Marediya and Sunelaben Arif Marediya, a married couple, are citizens of India. In 2010, immigration authorities apprehended the Marediyas after they crossed into the United States at Blaire, Washington.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60741

The Marediyas eventually sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Sunelaben originally filed her own asylum application, but later ended up just pursuing relief as a rider on her husband's application. An Immigration Judge (IJ) made an adverse credibility finding against Arif and denied relief. The Board of Immigration Appeals (BIA) dismissed the appeal, determining that the adverse credibility findings were not clearly erroneous. The Marediyas now petition for review of that BIA ruling.

The IJ and the BIA "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). Substantial evidence supported the adverse credibility finding against Arif. The IJ noted inconsistencies between Arif's testimony and written submissions, the lack of any corroboration for his testimony, and Arif's failure to mention any flight from India due to religious persecution when he was first apprehended (he instead told authorities he had mistakenly crossed the border). Without credible evidence, the IJ had no basis upon which to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

This court reviews the opinion of the BIA and does not address the opinion of the IJ unless it impacted the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007); *see also Wang,* 569 F.3d at 536. The BIA did not reach the IJ's alternative finding that, even if he had been found credible, Arif would not have qualified for asylum or withholding of removal. Accordingly, this portion of the petition for review is dismissed. *See Castillo-Rodriguez v. INS,* 929 F.2d 181, 183 (5th Cir. 1991).

To secure relief under CAT, an alien must show "that it is more likely than not that he or she would be tortured if removed to the proposed country

No. 19-60741

of removal." 8 C.F.R. § 208.16(c)(2). The same lack of evidence resulting in the denial of Arif's asylum and withholding claims means he cannot show that he will be tortured if returned to India. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012). Accordingly, this portion of the petition for review is denied. *Id.*

Petition for review DENIED in part and DISMISSED in part.