# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-60724
Summary Calendar

IRMA GARCIA-GARCIA; MIRIAN SUYAPA GARCIA; KARYME GABRIELA
ALBERTY-GARCIA; IRMA ROSIBEL ALBERTY-GARCIA; PAULA KARINA
BONILLA-GARCIA;  CARLOS  EDUARDO  LAMBUR-BONILLA;  SINDY
BONILLA-GARCIA,

                                                                              Petitioners,

v.

MICHAEL B. MUKASEY, US ATTORNEY GENERAL,

                                                                              Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A98 599 195
A98 591 279
A98 598 050
A98 598 051
A98 591 278
A98 598 048
A98 599 194

Before KING, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Irma Garcia-Garcia (Irma), her adult daughters, Sindy Bonilla-Garcia (Sindy), Mirian Suyapa-Garcia (Mirian), and Paula Karina Bonilla-Garcia (Paula), and her juvenile grandchildren, Carlos Eduardo Lambur-Garcia (Carlos), Karyme Gabriela Alberty-Garcia (Karyme), and Irma Rosabel Alberty-Garcia (Rosabel) (collectively, the petitioners), all natives and citizens of Honduras, seek review of an order of the Board of Immigrations Appeals (BIA) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). They also move for an order compelling the Government to supplement the administrative record with certain videos.

This court reviews the order of the BIA and will consider the underlying decision of the immigration judge (IJ) only if it influenced the BIA's determination. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002). Because the BIA here affirmed the decision of the IJ without further opinion, the IJ's decision is the final agency determination for judicial review and will be considered. See Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

The petitioners challenge only the agency's denial of asylum. The petitioners do not address the denial of withholding of removal or the denial of relief under the CAT. Accordingly, they have waived those issues. See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

The Attorney General may grant asylum to aliens who qualify as refugees. 8 U.S.C. § 1158(b). A refugee is a person who is outside of his or her country and is "unable or unwilling to return 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) (quoting 8 U.S.C. § 1101(a)(42)(A)). The alien must prove some nexus between the persecution and one of the five enumerated grounds. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992). The term "persecution" requires a showing by the alien that "harm or suffering will be inflicted upon [him] in order to punish [him] for possessing a belief or characteristic a persecutor sought to

overcome." Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994) (quotation marks omitted). The persecution must be inflicted under government sanction, including persecution by groups "the government is unable or unwilling to control." See Adebisi v. INS, 952 F.2d 910, 914 (5th Cir. 1992) (quotation marks omitted).

The petitioners make several arguments that attack the IJ's determination that they failed to establish that the harm they fear from the Honduran gang known as Mara 18 would be on account of a statutorily protected ground. They contend in this regard that the IJ erred by dismissing as speculative evidence of persecutorial nexus, that the IJ misinterpreted the nexus requirement, and that the IJ erred in failing to determine whether Hondurans who investigate the facts of serious crimes attributable to gang members constitute a particular social group. It is unnecessary for the court to consider these arguments because, as discussed below, we have determined that the IJ's determination that the petitioners did not establish that they feared persecution by government authorities or by a group that the government is unable or unwilling to control is supported by substantial evidence.

The petitioners contend that the IJ erred in applying the standard set forth in Menjivar v. Gonzales, 416 F.3d 918, 921 (8th Cir. 2005). This court, however, applies an indistinguishable standard. See Shehu v. Gonzales, 443 F.3d 435, 437 (5th Cir. 2006) (requiring that the asylum applicant provide proof that the government "condoned [harassment or violence] or at least demonstrated a complete helplessness to protect the victims" (quotation marks omitted)). The petitioners have not shown that the IJ erred.

The petitioners also contend that the IJ erred, based on the evidence of record, in determining that the Honduran government was not unwilling or unable to protect them. The petitioners assert in their opening brief that there was police inaction concerning the killings of Mirian's husband, Alex, and Paula's husband, Dago. However, there was credible testimony that the police

investigated these deaths. As the IJ observed, the petitioners did not report to police authorities their receipt of a threatening note; yet, documentary evidence considered by the IJ shows that the Honduran police have arrested a substantial number of gang members and have taken other steps to combat gang activity. The IJ also took note of the State Department's country report, which indicates that a significant percentage of Honduran prisoners are gang members. Because the IJ's determination that the petitioners failed to establish that governmental authorities in Honduras were unwilling or unable to control the activity of the gang members is supported by substantial evidence, this court will not disturb the agency's findings. See Castillo-Rodriguez v. INS, 929 F.2d 181, 184 (5th Cir. 1991).

The petition for review is DENIED. The petitioners' motion to compel supplementation of the administrative record is also DENIED.