**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60033
Summary Calendar

YENNY LINGGAWATI TJEN; SIANTO HASAN

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 866 409
BIA No. A98 866 410

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Yenny Linggawati Tjen and Sianto Hasan, natives and citizens of
Indonesia, petition for review of the decision issued by the Board of Immigration
Appeals (BIA) that dismissed their application for asylum. The petitioners
assert that the BIA erred in determining that Tjen had not suffered past
persecution in Indonesia based upon her Chinese ethnicity. They further argue
that the BIA erred in determining that they do not have a well-founded fear of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

future persecution in Indonesia based upon their Chinese ethnicity and Hasan's Christian religion.

The petitioners were required to demonstrate past persecution or a well-founded fear of future persecution." 8 C.F.R. § 208.13(b). Persecution is "the infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive." *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996). The petitioners have the burden of demonstrating that the evidence was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). They must present "some particularized connection between the feared persecution and [their] race, religion, nationality, or other listed characteristic." *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

At the hearing, Tjen testified that the native Indonesians "would touch me, touch my behind or my breasts or my back and sometimes those natives would throw rocks at me." The IJ determined that although these acts may constitute harassment and discrimination, they did not amount to sexual abuse. "Neither discrimination nor harassment ordinarily amounts to persecution under the [Immigration and Nationality Act], even if the conduct amounts to 'morally reprehensible' discrimination on the basis of race or religion." *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). The petitioners make no argument that any of the incidents experienced by Tjen were sanctioned by the Indonesian government. *See Abdel-Masieh*, 73 F.3d at 583. Furthermore, the petitioners do not argue that they suffered severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life as a result of their ethnicity. *See id.* at 583-84. In fact, Tjen acknowledged that her family has run a successful family business since 1979. She further acknowledged that her mother currently continues to run the family business while her brother attends college in Indonesia. Hasan testified that he has never suffered any harm in Indonesia based on his Chinese ethnicity or his Christian religion.

Accordingly, the petitioners have failed to show that the BIA erred in determining that they have not suffered past persecution and that they do not have a well-founded fear of future persecution based upon a protected ground if they are returned to Indonesia. *See* 8 C.F.R. § 208.13(b); *Faddoul*, 37 F.3d at 188. The BIA's decision is supported by substantial evidence. *See Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995).

The petitioners do not challenge the BIA's determination that they waived their claims for withholding of removal and protection under the Convention Against Torture Act. Thus, they have abandoned any challenge to the BIA's determination on these issues. *See Calderon-Ontiveros v. I.N.S.*, 809 F.2d 1050, 1052 (5th Cir. 1986). Accordingly, the petition for review is **DENIED**.